IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALLISON NIEMOTKA,

                Plaintiff,

                                            21-cv-242-bbc

    v.

JUDGE NIA TRAMMELL, KATHERINE HARRELL
AND CLARE ALSCHULER,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff Allison Niemotka has filed a proposed complaint challenging three recent child support orders issued by defendant Judge Nia Trammell in the Circuit Court for Dane County, Wisconsin in case no. 2020FA1035 and seeking disbarment of the judge, defendant Claire Alschuler (assistant corporation counsel) and defendant Katherine Harrell (guardian ad litem).  I understand plaintiff to be alleging that the state court improperly ordered payment of her child support award to Harrell as part of her fees.

       Because plaintiff is proceeding without prepayment of the filing fee, her complaint must be screened under 28 U.S.C. § 1915(e) to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief.  Having read the allegations of the proposed complaint generously, as I am required to do for pro se litigants, <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972), I conclude that plaintiff's claims must be dismissed without prejudice because this court plainly lacks subject matter jurisdiction over them.

1

OPINION

A threshold question in any case is whether the court has jurisdiction over any of the claims that plaintiff is trying to bring. Federal courts have limited jurisdiction, which means that they may hear a case only if Congress or the Constitution authorize it. As a result, I must determine whether subject matter jurisdiction exists, even if none of the parties raise the issue. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005).

Child support, child custody and alimony decisions fall within the areas of family or domestic relations, which is governed exclusively by state law. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (federal courts lack jurisdiction over domestic relations cases in which the relief sought would "involve[e] the issuance of a divorce, alimony, or child custody decree"); Rose v. Rose, 481 U.S. 619, 625 (1987) (quoting In re Burrus, 136 U.S. 586, 593-94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); Moore v. Sims, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); De Sylva v. Ballentine, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern."). Indeed, federal courts must refrain from exercising jurisdiction over claims that would interfere with domestic-relations issues that belong in state court. Struck v. Cook County Public Guardian, 508 F.3d 858, 859 (7th Cir. 2007).

Moreover, lower federal courts are precluded by the Rooker-Feldman doctrine from reviewing state-court judgments.  That doctrine prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court.  Exxon Mobil Corp. v. Saudi Industries Corp., 544 U.S. 280, 291-92 (2005) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983)); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)).  For the most part, litigants who feel that a state court proceeding has violated their federal rights must assert those rights in state court and then appeal that decision through the state court system and, as appropriate, to the United States Supreme Court.  Golden v. Helen Sigman & Associates, Ltd., 611 F.3d 356, 361-62 (7th Cir. 2010) (holding that Rooker-Feldman barred review of claims related to a state court divorce and child custody proceedings); T.W. by Enk v. Brophy, 124 F.3d 893, 898 (7th Cir. 1997) (applying Rooker-Feldman to Wisconsin child-custody decision).

Because plaintiff is challenging the child support decisions reached in a state circuit court, she cannot proceed with her claims in federal court.  This court also lacks the jurisdiction and authority to initiate disciplinary proceedings or disbar any of the defendants for their actions in case no. 20FA1035, as plaintiff requests.  See WI SCR Ch. 21 (responsibility of Wisconsin Supreme Court to supervise practice of law through lawyer regulation system).  Therefore, I am dismissing the complaint for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that plaintiff Allison Niemotka's complaint is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to close this case.

Entered this 26th day of April, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge